[Civ. No. 2863.   Second Appellate District, Division Two.—January 20, 1919.]

## J. GEORGE SCOTT, Respondent, v. HENRY THOMAS, Appellant.

JUDGMENT—MOTION TO VACATE—DISCRETION.—On this appeal it is held that the trial court did not err or abuse its discretion in denying a motion to vacate and set aside a judgment.

APPEAL from an order of the Superior Court of Los Angeles County. Fred H. Taft, Judge. Affirmed.

The facts are stated in the opinion of the court.

Davis & Rush and C. B. Ladd for Appellant.

Edward Winterer for Respondent.

39 Cal. App.—26

THOMAS, J.—This is an appeal taken from a purported order denying defendant's motion to vacate and set aside the judgment entered in favor of plaintiff. We have considered the whole record carefully. A statement of the facts, so far as material here, is as follows:

This action is one to quiet title to certain land. The trial of the case in the court below was set for July 20, 1915. Defendant admits that he knew this. Defendant, in his affidavit to support his motion, says that he employed a certain firm of attorneys to represent him in this action; that this firm did represent him, filing an answer, etc., and had charge of the case up to about July 10, 1914, at which time said firm notified him that because of other matters they would be compelled to withdraw from the case; that they did withdraw, and that because of such withdrawal he employed another attorney to represent him therein, who notified him that the case had been set for trial as stated above. The defendant, by said affidavit, says, among other things, that on the twentieth day of July, 1915, he was ill and unable to be in court, but that he sent his sister, Louisa Thomas, with his attorney, that she might assist him "in securing the required adjournment"; that when his sister returned she informed him that matters were all right; and some time thereafter his attorney informed him that he would have sixty days in which to prepare the case, and that after said period this case would be set for trial. That on August 20, 1915, he discovered by inquiring that judgment had gone against him on July 20, 1915. That thereupon he immediately consulted and employed his present attorneys, and instructed them to take whatever steps might be necessary to protect his rights.

Another affidavit on the part of defendant was by his sister, corroborating all that is set forth in defendant's said affidavit, and further, that she went to the courthouse with said attorney, and was present with him during the morning session; that she was informed by said attorney "that the case would go over until 2 o'clock, at which time it would be adjourned"; that prior to 2 o'clock she was informed by said attorney "that it was not necessary for her to be in the court, or in the courtroom, and that it was best that she should not be in said courtroom"; that she believed and relied upon such representations, and did not go into the courthouse, and hence did not know what took place there.

Witness W. M. Palmer, who was the said attorney, says "that on the sixteenth day of July, 1915, in Santa Monica, California, Miss Louisa Thomas and one John Tong came to affiant's residence and asked affiant if he was in a position to take charge of a certain case known as Scott *versus* Thomas, being the above-entitled action''; that she represented herself as having authority from her brother, the defendant here, to employ an attorney for the defense of this action; and also stated that the law firm which formerly had charge of the matter had informed her that they would go no further with the case. Palmer further deposed that he told the said Louisa Thomas that it would be impossible on so short a notice to prepare a satisfactory defense, but that he would appear on the day of the trial and move the court for a continuance, in order to enable him to do so; that he arranged with said Miss Thomas to meet him at the office of the former attorneys on the following day to arrange for substitution of attorneys. That they met according to agreement. That they there found that the member of said firm who had charge of the matter was out of the city; whereupon it was agreed that they meet again at the same place on July 19, 1915, which agreement was carried out, and substitution of attorneys effected, and the papers in said action delivered to said Palmer.

On July 20, 1915, the plaintiff here, with his attorney, said Louisa Thomas, and said Palmer, were present in court when said cause was called. That Palmer moved for a continuance of the case, and his motion was denied by the court. Thereupon the case was continued to 2 o'clock P. M. of said day. During the time intervening a conference was held between plaintiff and his attorney, and said Miss Thomas and defendant's attorney, at which time matters in controversy were carefully canvassed, with a result that it was agreed between said Miss Thomas, as agent for said defendant, and the plaintiff here, that if the said defendant would pay to plaintiff, at or before 2 o'clock P. M. of that day, one hundred dollars in cash, said defendant might have the option to buy the premises described in the complaint for the amount due on the contract, with additional amount as costs, and that execution should be stayed on any judgment which might be rendered in the action for forty-five days, and at that time, upon the payment of the balance due on the contract, the judgment was to be satisfied; this agreement to be void and of no effect

unless said hundred dollars was so paid. Plaintiff, at said conference and at all times, declined to consent to the continuance or postponement of the trial of the action, and insisted that the same should be tried at the hour of 2 o'clock P. M. on said day. At the close of this conference Miss Thomas said she would go out and try to get the hundred dollars. She failed to do so.

At 2 o'clock P. M. on said date Palmer was again in court representing the defendant at the trial. He denied that he ever told Miss Thomas that the case would be adjourned or continued, or that he ever told her that it was best for her not to be in the courtroom. In short, he denied each and every averment contained in her affidavit as to continuances, etc., and stated affirmatively that he never had any conversation at all until after the trial with the defendant. That he at no time misstated any fact to Miss Thomas, or to the defendant herein. That he did not conceal from them, or either of them, any matter pertaining thereto, but, on the contrary, that Miss Thomas was fully informed by him as to all said matters.

By the affidavit of the plaintiff it appears that he was present in court on said day of trial, at 10 o'clock in the forenoon, and again at 2 o'clock in the afternoon. He supports fully Palmer's testimony as to all that took place in the courtroom, and his version as to the conference referred to therein, and the result thereof. Plaintiff further deposed that said Palmer took part in the trial of the case by cross-examining plaintiff's witnesses.

On this state of facts, and after a full hearing, defendant's motion to vacate and set aside the judgment was denied. The motion was for an "order to vacate and set aside the judgment heretofore entered in this action," etc., and this was supported and opposed by the affidavits already referred to. The record contains no copy of the order appealed from, as required by statute, but does contain a copy of an "order denying motion for new trial."

Assuming—though there has been no suggestion of diminution of record—that the trial court did make an order denying a motion by appellant to set aside the judgment, still, under the facts as we have recited them, we see no error or abuse of discretion.

The order appealed from is affirmed.

Finlayson, P. J., and Sloane, J., concurred.